UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Howard G. Jackson,                                Civ. No. 17-5483 (JRT/BRT)

      Plaintiff,

v.                                                **REPORT AND RECOMMENDATION**

David Ossell; Melissa Gunderson; and
Human Services Department,

      Defendants.

---

      Plaintiff Howard G. Jackson brings this action against an agency of Ramsey County, Minnesota, and two employees of Ramsey County—one a law-enforcement official, the other an employee of the agency at issue—for violations of his constitutional rights. *See* 42 U.S.C. § 1983. Jackson did not pay the filing fee for this case, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 3.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

      After review of the IFP application, this Court concludes that Jackson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on

1

appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In a previous order (Doc. No. 4), this Court asked Jackson to clarify whether he was suing Defendants David Ossell and Melissa Gunderson under § 1983 in their personal capacities, their official capacities as employees of Ramsey County, or both. Jackson has since clarified that he intends to sue Ossell and Gunderson in both their personal and official capacities. (*See* Doc. No. 6.) A personal-capacity claim represents a claim against the defendant individually, while an official-capacity claim represents another way of pleading an action against the entity of which the defendant is an agent — in this case, Ramsey County. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). But the facts alleged by Jackson do not implicate Ramsey County in the wrongdoing

claimed in this lawsuit. *See Kuha v. City of Minnetonka*, 365 F.3d 590, 604 (8th Cir. 2003) (noting that plaintiff must show that the governmental entity "*itself* caused the constitutional violation at issue" in order to sustain an official-capacity claim). For example, Jackson does not adequately allege that Ossell or Gunderson were acting pursuant to an official policy or unofficial custom of Ramsey County during the course of the actions alleged to have violated Jackson's constitutional rights. *See, e.g.*, *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). That Ramsey County *employed* Ossell and Gunderson at the time of their alleged misconduct is not sufficient to establish liability. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). And nothing in the Complaint suggests that Ramsey County *itself* acted unlawfully.

Jackson's claims pleaded against Ramsey County directly, through naming the "Human Services Department" as a Defendant, fail for the same reason. Again, the misconduct alleged in this lawsuit is personal misconduct on the part of Ossell and Gunderson, not that of an official policy or custom of malfeasance carried out by Ramsey County. Without allegations that, if proved true, would establish fault on the part of Ramsey County itself, Jackson cannot maintain claims under § 1983 against Ramsey County.

Accordingly, it is recommended that the official-capacity claims brought against Ossell and Gunderson, along with Defendant Ramsey County Human Services Department, be dismissed without prejudice for failure to state a claim upon which relief

may be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii). By separate order, this Court will grant Jackson's IFP application with respect to the personal-capacity claims pleaded against Gunderson and Ossell. The Complaint will be permitted to proceed as to those two Defendants, who will be ordered to respond to the Complaint after service of process has been effected.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The official-capacity claims brought against Defendants David Ossell and Melissa Gunderson be **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Ramsey County Human Services Department be **DISMISSED WITHOUT PREJUDICE** from this action.

Dated: March 19, 2018                *s/ Becky R. Thorson*
                                     BECKY R. THORSON
                                     United States Magistrate Judge

---

[1] Should Jackson later during the course of this litigation have grounds to believe that Ramsey County itself acted unlawfully, he may seek to amend his Complaint to include claims against that governmental entity, along with the factual allegations upon which those claims are brought.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).