UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| Howard G. Jackson, | Civ. No. 17-5483 (JRT/BRT) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| David Ossell, et al., | |
| Defendants. | |

Howard G. Jackson, *pro se* Plaintiff.

Stephen J. Christie, Esq., St. Paul City Attorney, counsel for Defendant David Ossell.

This matter is before the Court on Plaintiff's Motion to Amend his Complaint. (Doc. No. 53.) The Court issued a briefing schedule, allowing Plaintiff to file any written argument supporting his motion by November 30, 2018. (Doc. No. 55.) Plaintiff filed documents in support of his motion (Doc. Nos. 58, 59, 60), and Defendant Ossell filed opposition documents. (Doc. Nos. 68, 69, 70, 71.) A hearing was held on Plaintiff's motion on December 18, 2018. (*See* Doc. No. 74, Minute Entry.) On December 19, 2018, the Court received an unsolicited document from Plaintiff (with exhibits), which appeared to supplement his already submitted oral and written argument on his motion.[1] (Doc. No. 79.) Even though this document was submitted in violation of the Local Rules

---

[1] This document is titled "The True Facts And My Story to help. And Exhibits to Amend the Defendants. And Support My Claims."

and without permission of the Court, the Court allowed this document with the exhibits to be filed as a separate sealed document on the docket. (*See* Doc. No. 78, 1/3/19 Order allowing the filing.) In Plaintiff's motion documents, he seeks to add new claims and new parties. For the reasons stated below, the Court denies Plaintiff's motion (Doc. Nos. 53, 58).

## BACKGROUND

On December 18, 2017, Plaintiff filed a Complaint against David Ossell, Melissa Gunderson, and the Ramsey County Human Services Department. (Doc. No. 1.) He thereafter clarified that he intended to sue Ossell and Gunderson in both their personal and official capacities. (*See* Doc. No. 6.) After receiving that clarification, this Court recommended dismissal without prejudice of the official capacity claims for failure to adequately allege that Ossell or Gunderson were acting pursuant to an official policy or unofficial custom of Ramsey County, and recommended dismissal without prejudice of Ramsey County Human Services Department for failure to plead allegations indicating the county acted unlawfully. (Doc. No. 8.) United States Chief Judge John R. Tunheim issued an order consistent with that recommendation on April 30, 2018. (Doc. No. 17.)

On May 14, 2018, Ossell filed a Motion to Dismiss the Complaint. (Doc. No. 21.) That motion was denied on November 6, 2018, based on this Court's recommendation. (Doc. No. 57; *see* Doc. No. 49, Sealed Report and Recommendation.) Therefore, at the time Plaintiff filed his papers supporting the present motion to amend, Plaintiff's Fourth

Amendment claim asserted against Defendants Ossell and Gunderson in their personal capacity remained, and still remains.[2]

Although Plaintiff's motion to amend papers are not clear as to what he is specifically seeking to add, it appears that he is seeking to add back in the official capacity claims against Ossell and Gunderson as well as claims against various other Defendants – i.e., the City of Saint Paul; the County of Ramsey; the State of Minnesota; the Minnesota Department of Human Service/"H.S.D."; the Saint Paul Police Department; Todd Axtell, Chief of the Saint Paul Police Department; and John J. Choi, Ramsey County Attorney. (*See generally* Doc. Nos. 53, 58.) It appears that Plaintiff is trying to add claims against the City of Saint Paul, the County of Ramsey, the State of Minnesota, and the Minnesota Department of Human Services based on their supervisory role over Defendants Ossell and Gunderson or other entities. It also appears that Plaintiff is attempting to add claims in addition to his current Fourth Amendment claim – including one that relates to the alleged misconduct in how the "H.S.D." handled Plaintiff's matter in state court, and one based on "Malice" that seems to be connected to actions taken with respect to the underlying child protection/child custody proceedings. Defendant Ossell, as an employee of the St. Paul Police Department, opposes the motion with respect to the proposed amendments that assert new claims against himself and the other St. Paul parties—the City of St. Paul, the St. Paul Police Department, and Chief

---

[2] The facts underlying Plaintiff's Fourth Amendment claim were previously stated in this Court's Sealed Report and Recommendation dated October 15, 2018. (Doc. No. 49.)

Todd Axtell—on the grounds that the proposed amendments are futile. (Doc. No. 68, Def. Ossell's Mem. of Law Opposing Pl.'s Mot. to Am. Compl. ("Def.'s Mem.").) Defendant Gunderson has not responded and is yet to be served.[3]

## DISCUSSION

Except where amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The trial court has discretion to decide whether to grant leave to amend. *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). "There is no absolute right to amend." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999). "[E]ven where some prejudice to the adverse party would result if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

A futility challenge to a motion to amend a complaint is successful where "claims created by the amendment would not withstand a Motion to Dismiss for failure to state a

---

[3] The Court addresses Plaintiff's request regarding service on Gunderson (Doc. No. 80) by separate order.

claim upon which relief can be granted." *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998); *see also Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (stating that a motion to amend is futile if the amended complaint would not survive a motion to dismiss). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker*, 191 F.3d at 908.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

First, with respect to Plaintiff's alleged official-capacity claims against Ossell and Gunderson, the claims as alleged are futile for the same reasons stated by this Court in its March 19, 2018 Report and Recommendation. Plaintiff's proposed amendments do not adequately allege that Ossell or Gunderson were acting pursuant to an official policy or unofficial custom of Ramsey County during the course of the actions alleged to have violated Jackson's constitutional rights. *See, e.g.*, *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). That Ramsey County employed Ossell and Gunderson at the

5

time of their alleged misconduct is not sufficient to establish liability. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

Second, if Plaintiff is seeking to add as Defendants the City of Saint Paul; the County of Ramsey; the State of Minnesota; the Minnesota Department of Human Service/"H.S.D."; the Saint Paul Police Department[4]; Todd Axtell, Chief of the Saint Paul Police Department; or John J. Choi, Ramsey County Attorney, the motion to amend is denied because Plaintiff has not pled facts that would support a plausible claim against any of these parties. Put another way, Plaintiff has not pled facts that implicate any of these parties in the alleged wrongdoing (i.e., illegal search and seizure) that Plaintiff complains of. *See Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (noting that plaintiff must show that the governmental entity "*itself* caused the constitutional violation at issue" in order to sustain an official-capacity claim). Alleging that entities or individuals supervised or were employers of Ossell or Gunderson at the time of the alleged violation of Plaintiff's Fourth Amendment rights is not enough. *See Shimota v. Wegner*, No. 15-1590 (JRT/FLN), 2016 WL 1254240, at *11 (D. Minn. Mar. 29, 2016) (dismissing supervisory and *Monell* claims because plaintiff's conclusory allegations were insufficient); *see also Parrish*, 594 F.3d at 997 ("[A] local government may not be sued

---

[4] In addition, the Saint Paul Police Department is not an entity subject to suit. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal because of the West Memphis Police Department and West Memphis Paramedic Services because they "are not juridical entities suable as such" but "are simply departments or subdivisions of the City government"); Ernst v. Hinchliff, 129 F. Supp. 3d 695, 709 (D. Minn. 2015) ("Municipal police departments, such as the Columbia Heights Police Department, are not entities subject to suit.").

6

under § 1983 for an injury inflicted solely by its employees or agents on a respondeat superior theory of liability.") (quotations omitted). Without allegations that, if proved true, would establish fault on the part of the city, county, the state, its agencies, or employees, Plaintiff cannot maintain claims under § 1983 against those entities or individuals. *See Twombly*, 550 U.S. at 570. Plaintiff has alleged no facts that would support that any of these new parties acted unlawfully or failed to properly train or supervise Ossell or Gunderson.

Third, Plaintiff's newly asserted claims that appear to relate to the alleged misconduct in how the "H.S.D." handled Plaintiff's matter in state court, or that are based on "Malice" that seem to be connected to actions taken with respect to the underlying child protection/child custody proceedings, are futile. Aside from the fact that Plaintiff has not alleged facts supporting such claims, any claim for "false kidnapping" or "false imprisonment" fails as a matter of law because there is no apparent authority recognizing kidnapping as a civil tort in Minnesota, and false imprisonment is subject to a two-year statute of limitation, *see* Minn. Stat. § 541.07(1), and is therefore barred. With respect to Plaintiff's allegation regarding "false reports in juvenile court," this Court cannot discern what constitutional violation Plaintiff might be asserting, nor can it discern what other cause of action Plaintiff might be trying to plead. Therefore, this Court determines that his claims based on false reports do not meet the pleading standards. Plaintiff also references "emotional stress and physical stress." To the extent Plaintiff is trying to assert a claim for either intentional or negligent infliction of emotional distress or physical stress, Plaintiff has not met the pleading standard because he has not alleged facts that

would plausibly infer that the elements of such claims have been met.[5] *See Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438–39 (Minn. 1983) (stating elements for intentional infliction of emotional distress); *Langeland v. Farmers State Bank of Trimont*, 319 N.W.2d 26, 31 (Minn. 1982) (stating requirements for negligent infliction of emotional distress). And finally, although Plaintiff mentions the "Fourteenth Amendment," he does not explain whether he is asserting any other claim under that amendment other than his original Fourth Amendment claim as incorporated through the Fourteenth Amendment, nor does he allege any facts that would support any other such claim. Therefore, to the extent Plaintiff is attempting to assert a separate Fourteenth Amendment claim, he has not plausibly pled such a claim.

Based on all of the above, Plaintiff's motion to amend must be denied in its entirety. Therefore, Plaintiff's Complaint as originally filed at Doc. No. 1 (with attachments) remains the operative Complaint in this case; and consistent with the prior rulings of this Court, the only claims that remain at this time are the individual capacity claims against Defendant Ossell and Defendant Gunderson[6] for violation of Plaintiff's Fourth Amendment right to be protected from unreasonable search and seizure based on

---

[5] A claim for intentional infliction of emotional distress is also subject to a two-year statute of limitations and would be barred. *See* Minn. Stat. § 541.07(1); *Wenigar v. Johnson*, 712 N.W.2d 190, 209 (Minn. Ct. App. 2006) ("[T]here is a two-year statute of limitations for commencing an intentional infliction of emotional distress claim.").

[6] As of the date of this Order, however, Defendant Gunderson has not yet been served. By a separate Order from this Court, Plaintiff is granted a short extension to submit a new Marshal Service Form for Gunderson. If Plaintiff does not do so within the time allotted, it will be recommended that the claims asserted against Gunderson be dismissed without prejudice for failure to prosecute.

the allegations that his home was accessed without a search warrant. With this scope in mind, the Court will issue a separate scheduling order that will govern the deadlines and discovery in this case moving forward.

**ORDER**

Based on the file, submissions, and arguments presented, and for the reasons stated above, the Court hereby **ORDERS** the following:

1. Plaintiff's Motion to Amend his Complaint (Doc. Nos. 53, 58), is **DENIED**.

Date: January 24, 2019           *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 U.S. Magistrate Judge