# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| Howard G. Jackson, | Civ. No. 17-5483 (JRT/BRT) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| David Ossell, et al., | |
| Defendants. | |

Howard G. Jackson, *pro se* Plaintiff.

Stephen J. Christie, Esq., St. Paul City Attorney, counsel for Defendant David Ossell.

When the Court granted Plaintiff's application to proceed *in forma pauperis* in this case, the Court required Plaintiff to submit a properly completed Marshal Service Form for Melissa Gunderson so that the United States Marshals Service could attempt service. (Doc. No. 7.) Although Plaintiff did submit a Marshal Service Form for Gunderson, she has not yet been served. This matter is now before the Court on Plaintiff's request regarding service of Melissa Gunderson (Doc. No. 80).

During the pendency of this litigation, the Court was made aware that Plaintiff improperly attempted service on his own on a person named Melissa Gunderson (the wrong Melissa Gunderson - not the Ramsey County employee named in his lawsuit). (Doc. No. 56.) The United States Marshal Service thereafter attempted service based on the address provided by Plaintiff in a Marshal Service form provided on November 15, 2018. The return filed from the United States Marshal Service after attempted service

indicates that the Melissa Gunderson at the location provided is "not the Melissa Gunderson Plaintiff is looking for." (Doc. No. 81.) Plaintiff now requests the Court's help with locating and serving the correct Melissa Gunderson. (Doc. No. 80.) This the Court cannot do.

Properly effected service of process is a fundamental element to any lawsuit. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Defects in service of process are jurisdictional in nature. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). Rule 4(m) provides the following:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1).

"There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)." *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) (per curiam). "It has been stated that [a] showing of good cause requires at least 'excusable neglect'-good faith and some reasonable basis for noncompliance with the rules." *Id.* (quotations omitted). "At its core, however, the

standard of good cause, like many others in the law, is necessarily amorphous." *Id.* "Whether or not it has been satisfied is largely dependent upon the facts of each individual case." *Id.* Courts have found, however, that "it is the Plaintiff's responsibility to provide a proper address to effectuate service of process, and attempts to effectuate service cannot be considered good cause to grant an extension of time for that service." *King v. Dingle*, No. 08-5922, 2009 WL 2208164, at *1 (D. Minn. July 22, 2009) (adopting Report and Recommendation); *see also Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) ("[R]eliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service.").

"In deciding whether to grant a permissive extension under Rule 4(m), the district court may consider other factors, including the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service." *Rice v. Univ. of N.D. Sch. of Med. and Health Scis.*, No. 2:07-cv-11, 2008 WL 5145482, at *4 (D.N.D. Dec. 8, 2008) (citing *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)). "The district court must weigh on the record the impact that a dismissal or extension would have on the parties." *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007)).

At this point, we are well beyond the 90-day mark for allowing service on Defendant Gunderson. Even so, the Court does acknowledge that Plaintiff submitted a new Marshal Service Form on November 15, 2018, and a Summons was issued on November 29, 2018. (Doc. No. 65.) The United States Marshal Service attempted service based on that form, but it was unsuccessful. Plaintiff relied on the United States Marshal

3

to provide service, as he should. However, now, after learning that the address that he provided to the United States Marshal is incorrect, it is upon him to correct it. He, as the Plaintiff in this civil case, must provide accurate information on the Marshal Service Form. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) ("[I]t was [the plaintiff]'s responsibility to provide proper addresses for service on [the defendants]."); *Beck v. Nutakor*, No. 04-686 (PJS/SRN), 2008 WL 512706, at *3 (D. Minn. Feb. 25, 2008) (adopting Report and Recommendation) ("Plaintiff must not only provide a correct address for a defendant to be served by the Marshals Service; he must also provide a correct name."); *see also Kurka v. Iowa County*, No. 08-CV-95-LRR, 2009 WL 906037, at *3 (N.D. Iowa Mar. 30, 2009) ("[T]he Federal Rules of Civil Procedure place the burden for effecting service within the 120-day time period upon the plaintiff, as opposed to the court, the United States Marshal or anyone else.") (citing Fed. R. Civ. P. 4(c)(1)).[1]

Therefore, in light of the above-stated circumstances, and considering Plaintiff's *pro se* status, the fact that any prejudice by Defendants would be minimal, and because this case is still in its early stages,[2] the Court finds a short extension for the time for service warranted. Again, Plaintiff should not attempt service on his own. He is granted a short extension of time to try to learn of Melissa Gunderson's correct address and submit a new Marshal Service Form so that the United States Marshal can attempt service based on any new address provided by Plaintiff. Because it is Plaintiff's responsibility for

---

[1] The Rules were amended in 2015 to reduce the presumptive time for serving a defendant from 120 days to 90 days.

[2] A scheduling order had yet to be issued at the time of Plaintiff's request.

having the summons and complaint served, the Court denies Plaintiff's request for the Court to do his investigation for him.

## ORDER

Based on the file, submissions, and arguments presented, and for the reasons stated above, the Court hereby **ORDERS** the following:

1. Plaintiff's request regarding service of Melissa Gunderson (Doc. No. 80) is **DENIED**.

2. Plaintiff is granted a short extension to submit a new Marshal Service Form (Form USM-285) for Defendant Melissa Gunderson. If Plaintiff does not complete and return a new Marshal Service Form within **30 days** of this Order, it will be recommended that the claims asserted against Defendant Melissa Gunderson be dismissed without prejudice for failure to prosecute. A Form USM-285 will be provided to Plaintiff by the Clerk's Office.

3. Upon receipt of the new Marshal Service Form, the Court hereby orders the United States Marshals Service to serve Melissa Gunderson with a copy of the Summons, Complaint, and this Order. This service must fully comport with Rule 4 of the Federal Rules of Civil Procedure. The United States Marshal Service shall either personally serve Melissa Gunderson using the information Plaintiff provides on the Form USM-285 or identify and serve an individual who is authorized to accept service on her behalf.

Date: January 24, 2019      *s/ Becky R. Thorson*
    BECKY R. THORSON
    U.S. Magistrate Judge