# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard G. Jackson,<br><br>　　　　　　Plaintiff,<br>v.<br><br>David Ossell,<br><br>　　　　　　Defendant. | Civ. No. 17-5483 (JRT/BRT)<br><br>**REPORT AND<br>RECOMMENDATION** |

Howard G. Jackson, 153 Emerson E #204, West St. Paul, MN, *pro se* Plaintiff.

Stephen J. Christie, Saint Paul City Attorney's Office, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

　　　The only remaining claim in this case at this time is one based on 42 U.S.C. § 1983 brought by Plaintiff Howard G. Jackson against Defendant David Ossell in his individual capacity.[1] Plaintiff alleges that Ossell violated his Fourth Amendment right to be free from unreasonable searches and seizures based on a warrantless entry into Plaintiff's apartment sometime in October 2012. This case is before the Court on Defendant Ossell's Motion for Sanctions Under Rule 37 (Doc. No. 153), and Plaintiff's Motion [for] Summary Judgment (Doc. No. 142). The motions have been referred to this

---

[1]　　Plaintiff brought this case against Defendants David Ossell, Melissa Gunderson, and the Ramsey County Human Services Department. The Ramsey County Services Department and Melissa Gunderson, as well as the claims asserted against Ossell in his official capacity, were subsequently dismissed from this action. (Doc. No. 17, 4/30/18 Am. Order; Doc. No. 116, 5/16/19 Order.)

Court under 28 U.S.C. § 636 and D. Minn. LR 72.1. (Doc. No. 164.) Defendant Ossell responded to Plaintiff's motion for summary judgment in accordance with the Local Rules (Doc. No. 163), however, Plaintiff did not respond to Defendant's motion for sanctions. For the reasons stated below, this Court recommends that Plaintiff's motion be denied, Defendant's motion be granted, and this case be dismissed.

## DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

Plaintiff filed a document entitled "Motion Summary Judgment Proof" and a document in support of the summary-judgment motion on July 31, 2019. (Doc. Nos. 142, 143.) On August 16, 2019, Defendant Ossell filed an opposition to that motion. (Doc. No. 163.)

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A movant must support its position that there is no genuine dispute of material facts by citing to materials in the record that demonstrate the absence of a dispute, by showing that those materials do not establish the presence of a genuine dispute, or by showing that the opposing party cannot produce admissible evidence to support a material fact. Fed. R. Civ. P. 56(c)(1).

Although titled a summary-judgment motion, it does not appear that Plaintiff's motion is requesting summary judgment against any party. Instead, it appears that through Plaintiff's motion, he is attempting to add new Defendants and claims, and is

2

attempting to make arguments about issues that have already been decided. For example, it appears that Plaintiff is attempting to add Minnesota Governor Tim Walz, Chief Judge John R. Tunheim, and the undersigned magistrate judge, among others, as Defendants. (*See* Doc. Nos. 142, 143.) Plaintiff's prior motions to amend the Complaint were denied. (Doc. Nos. 83, 162.) Like those previous motions, Plaintiff has made no connection between the Defendants he seeks to add and the § 1983 violation alleged in his Complaint. Adding these new Defendants would be futile, and this Court recommends denying this request. (*See* Doc. No. 162, 8/15/19 Order 4–5.)

Plaintiff also makes arguments that have already been denied on reconsideration, including that the undersigned magistrate judge and Chief Judge Tunheim should be removed from the case. In addition, Plaintiff argues that a photo that he has submitted shows that Melissa Hortman is Melissa Gunderson, and that because he believes that this picture allegedly depicts the undersigned magistrate judge with Melissa Hortman and Governor Walz, it somehow shows they are "on the same team in [his] case that is really violating [his] rights." (Doc. No. 143.) For the same reasons that Chief Judge Tunheim rejected these arguments before, this Court recommends rejecting the requests again. (*See* Doc. No. 162, 8/15/19 Order 2–3.)

For these reasons, this Court recommends that Plaintiff's self-styled motion for summary judgment should be denied.

### B. Defendant's Motion for Sanctions

On March 8, 2019, Defendant Ossell served Plaintiff with Interrogatories and Requests for Production of Documents. (Doc. No. 156, Aff. of Stephen J. Christie in Supp. of Mot. for Sanctions ("Christie Aff.") ¶ 2, Exs. A, B, C.) On March 19, 2019, Defendant Ossell received what appeared to be a blanket objection from Plaintiff wherein he asserted corruption on the part of attorneys, among other things. (Doc. No. 97.) Plaintiff also stated the following:

> . . . What you have asked for are personal. I object. This court case has no jurisdiction over personal things that you asked for. I will not give it to you and you can not have it or used it against me. All Defendants have done very lot corruption on me.

(Id. at 3.)

After receiving no responses to the Interrogatories and Requests for Production, Defendant Ossell mailed a letter to Plaintiff on April 11, 2019, referring Plaintiff to the Court's "Pro Se Civil Guidebook" for direction, and providing an extended deadline of April 22, 2019, to respond to the discovery requests. (Christie Aff. ¶ 3, Ex. D.) On April 19, 2019, Plaintiff wrote to Defendant stating:

> Ramsey City Attorney asked about personal thing's they want from me. No. No I will not give you guy's a Head start you Defendant's know what you are doing is wrong. And what you want from me is wrong because of misconduct's by All.

(Christie Aff. ¶ 4, Ex. E.) Because Plaintiff did not respond to the requested discovery sought by Defendant, he filed a Motion to Compel Discovery on April 29, 2019. (Doc. No. 106.)

On June 6, 2019, the Court granted in part and denied in part Defendant's Motion to Compel. (Doc. No. 122.) With respect to Defendant's Interrogatory Request Nos. 2, 7, 8, 9, 10, 11, 12, and 13, and Document Request Nos. 1, 2, 3, 4, 5, 8, 9, 10, 13, and 14, the Court ordered Plaintiff to provide full and complete answers, documents, and authorizations responsive to the requests on or before June 28, 2019. (*Id.*) Defendant asserts that Plaintiff has not provided Defendant any of the discovery ordered by the Court. (Christie Aff. ¶ 6.) Defendant now brings a Motion for Sanctions requesting dismissal of Plaintiff's case based on Plaintiff's willful noncompliance with the Court's Order compelling discovery. (Doc. No. 153.) Plaintiff has not responded to Defendant's motion for sanctions.[2]

"Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice." *In re Baycol Prod. Litig.*, No. MDL 1431 MJD/SRN, 2007 WL 2744459, at *1 (D. Minn. Sept. 17, 2007). Rule 37 states in particular that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order [under Rule 37(a) compelling discovery] . . . , the court where the action is pending may make further just orders[,] . . . includ[ing] . . . dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A). Sanctions must be just

---

[2]  Plaintiff is under a filing restriction in this District whereby "Plaintiff may not file anything, including but not limited to new lawsuits, or motions and other papers in pending cases . . . unless he is represented by counsel or obtains prior court approval." (Doc. No. 162, 8/15/19 Order at 7.) This Court is not aware that Plaintiff has sought court approval for filing a document that would be responsive to Defendant's Motion for Sanctions.

and specifically relate to the claim at issue. *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. *Id.* If the facts show both willful misconduct and bad faith, however, "the district court need not investigate the propriety of a less extreme sanction." *Gleghorn v. Melton*, 195 F. App'x 535, 537 (8th Cir. 2006) (quoting *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001)).

In the Eighth Circuit, a court may sanction a party with dismissal of their claims only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. *Keefer*, 238 F.3d at 940. "[T]o be 'willful' the failure need not necessarily be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966); *see also United States v. 3963 Bottles, More or Less*, 265 F.2d 332, 336–37 (7th Cir. 1959) ("No wrongful intent need be shown.").

Here, as to the first requirement, the Court issued an Order compelling Plaintiff to produce certain discovery, answer certain interrogatories, and sign certain authorizations. Plaintiff did not comply with that Order. As to the second requirement, given Plaintiff's obstinance each time he replied regarding discovery, having no basis to believe that Plaintiff was not provided a copy of the Court's Order, his failure to provide any discovery in response to the discovery requests, and his failure to oppose Defendant's motion for sanctions, this Court concludes Plaintiff willfully violated the Court's Order. And as to the third requirement, Defendant Ossell has shown the prejudice required for

6

the imposition of the severe sanction of dismissal. Not only has Defendant Ossell had to motion the Court twice to pursue discovery, but we are now past the October 18, 2019 fact discovery cut-off date, and we are past the November 18, 2019 date for initial expert written reports to be completed. (*See* Doc. No. 85, 1/25/19 Pretrial Scheduling Order 1.) Defendant Ossell is entitled to discovery on fundamental facts regarding Plaintiff's claims, his alleged injuries, and his asserted damages. Plaintiff's failure to provide any discovery relating to these issues prejudices Defendant Ossell because he cannot now prepare an adequate defense to Plaintiff's claims. Thus, dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court has considered whether a lesser sanction against Plaintiff would adequately address the prejudice to Defendant Ossell at this juncture. But because Plaintiff did not provide the discovery as ordered, failed to oppose the motion for sanctions, and has continued to press arguments denied by the Court,[3] this Court finds, in its discretion, that any lesser sanction would be futile. *See In re Baycol Prod. Litig.*, 2007 WL 2744459, at *2 (finding that any lesser sanction than dismissal would be futile); *see also Anderson v. Home Insurance Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (finding the pro se party's silence warranted dismissal after the pro se party failed to respond to discovery requests and failed to provide full information after a court order). This Court therefore recommends that Defendant Ossell's motion for sanctions be granted.

---

[3] (*See generally* Doc. No. 162, 8/15/19 Am. Order on Motion for Reconsideration.)

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion [for] Summary Judgment (Doc. No. 142) be **DENIED**;

2. Defendant's Motion for Sanctions Under Rule 37 (Doc. No. 153) be **GRANTED**; and

3. This case be dismissed with prejudice.


Dated: November 27, 2019

                                            _s/ Becky R. Thorson_
                                            BECKY R. THORSON
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within fourteen (14) days after being served a copy" of the Report and Recommendation. A party may respond to those objections within fourteen (14) days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).